■ ST. REGIS PAPER COMPANY (Substituted for NATIONAL KRAFT CONTAINER CORP.), Appellant, v. HANA BELLIN et al., as Executors of DANIEL J. BELLIN, Deceased, et al., Respondents.— Order entered July 14, 1965, unanimously modified on the law to the extent of striking that affirmative defense interposed by all defendants-respondents herein asserting that plaintiff, an unlicensed foreign corporation doing business in this State, may not maintain this action because of the bar of subdivision (a) of section 1312 of the Business Corporation Law, and, further, by striking the defense of the same nature, interposed by those defendants-respondents, other than the executors, raised pursuant to section 218 of the General Corporation Law insofar as it is alleged to be a defense to the first cause of action, and as so modified, affirmed, without costs and without disbursements. Subdivision (a) of section 1312 of the Business Corporation Law, prohibiting actions or special proceedings brought by a foreign corporation doing business here, unless it has been duly licensed, can in nowise be a defense to the causes of action alleged herein for the reason that those causes of action either accrued or existed prior to the effective date of the statute (see Business Corporation Law, § 103, subd. [d]). For the reason that section 218 of the General Corporation Law in similar circumstances, prohibits only the maintenance of an action upon contract, the prohibition of said section can in nowise be a defense to the first cause of action herein alleged which does not lie in contract, but rather seeks to set aside allegedly fraudulent conveyances. To the extent that recovery may possibly be had on the second cause of action on the theory of contract, the prohibition of section 218 of the General Corporation Law would be a good defense. Concur — Rabin, J. P., McNally, Stevens, Steuer and Witmer, JJ.

■ JOHN E. GONZALEZ, Appellant, v. EFRAIN ROSARIO et al., Respondents. — Order entered on October 15, 1965 denying, upon reconsideration, plaintiff's application for a general preference, reversed on the law and the facts and in the exercise of discretion, and the motion for such general preference is granted, without costs or disbursements to either party. On this record, considering the nature and extent of the claimed injuries, and the medical reports submitted in support thereof, plaintiff has made a sufficient showing to warrant the granting of a preference. Concur — Rabin, J, P.. McNally, Stevens and Eager, JJ. Valente, J., deceased.